# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALEXANDER CHAN,

    *Plaintiff*,

v.

FEDERAL COMMUNICATIONS
COMMISSION,

    *Defendant*.

Civil Action No. 17-921 (TJK)

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss. ECF No. 6 ("Mot."). For the reasons stated therein, the Motion is granted as conceded. Plaintiff's complaint (ECF No. 1), and the case, are dismissed without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2017, Plaintiff Alexander Chan, proceeding *pro se*, filed suit in this Court against his former employer, the Federal Communications Commission ("FCC"). ECF No. 1 ("Compl."). Chan, who is partially disabled and Asian American, voluntarily retired from his position at the FCC in 2010. Compl. at 1-2; Mot. at 1. In his short complaint, he appears to claim that, while employed with the FCC, he was passed over for a promotion due to his disability and race. Compl. at 1-2. The complaint does not allege exactly when this purported discrimination occurred. *See* Compl.; Mot. at 5 & Ex. A. It also does not explicitly set forth Chan's causes of action. *See* Compl. The FCC has, reasonably, interpreted his complaint as bringing claims under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title VII of the Civil

Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*. Mot. at 1, 5 & n.2. Notably, in his complaint, Chan does not allege that he exhausted his administrative remedies, a prerequisite to filing such claims under Title VII or the Rehabilitation Act, before filing this lawsuit. *See* Compl.

On September 20, 2017, the FCC moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to exhaust administrative remedies. Mot. at 1. Specifically, the FCC explained that in January 2017, more than six years after he left the agency, Chan filed an informal complaint with its Equal Employment Opportunity ("EEO") office, the Office of Workplace Diversity ("OWD"). *Id.* at 2. He subsequently met with an EEO counselor who, at the conclusion of counseling, informed Chan of his right to file a formal complaint with the OWD. *Id.* at 2 & Ex. F. But Chan did not do so, and the OWD closed its investigation. Mot. at 2.

On October 30, 2017, the Court issued an order instructing Chan to respond to the Motion by November 30, 2017, and noted that "[i]f Plaintiff fails to file a timely response to Defendant's Motion, the Court may treat it as conceded and, if circumstances warrant, render a judgment in favor of Defendant." ECF No. 7 at 2. Because the record was not clear as to whether Chan timely received that order, the Court issued a similar order on January 30, 2018 instructing Plaintiff to respond by February 28, 2018. ECF No. 8. As of the date of this opinion, Chan has not responded to either order.

## II.    LEGAL STANDARD

Under Local Rule 7(b), if a party does not respond to a motion to dismiss within the prescribed time, "the Court may treat the motion as conceded." The D.C. Circuit has permitted this practice. *See Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016);

*Jackson v. Todman*, 516 F. App'x 3 (D.C. Cir. 2013); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1293-94 (D.C. Cir. 2004) (affirming district court's "straightforward" application of Local Rule 7(b) where the district court treated a motion as conceded "because the plaintiffs failed to respond"). But it has also found that dismissing a conceded motion with prejudice can be an abuse of discretion. *See Cohen*, 819 F.3d at 484 ("[T]he district court . . . abused its discretion by dismissing the case when its dismissal of the complaint under Local Rule 7(b) should have been, at most, without prejudice.").

Moreover, "[a] plaintiff may file a Title VII or Rehabilitation Act action in federal court only after exhausting her administrative remedies before the relevant federal agency for each allegedly discriminatory act." *Smith v. Lynch*, 106 F. Supp. 3d 20, 41 (D.D.C. 2015) (collecting cases). "Title 29 of the Code of Federal Regulations describes the administrative process for filing discrimination complaints against the federal government." *Blue v. Jackson*, 860 F. Supp. 2d 67, 72 (D.D.C. 2012). "[O]ne who believes he has been subjected to discrimination by his federal-government employer 'must consult a[n] [EEO] Counselor prior to filing [a formal administrative] complaint in order to try to informally resolve the matter.'" *Id.* (quoting 29 C.F.R. § 1614.105(a)). The "aggrieved person must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). If counseling is unsuccessful, "[i]n order to exhaust administrative remedies, a complainant must file . . . a formal complaint" with the agency. *Blue*, 860 F. Supp. 2d at 73 (citing *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012)). An employee may seek relief in federal court only after an agency issues a final adverse decision or 180 days have elapsed, whichever comes first. *Id.* (discussing Title VII exhaustion); *Dick v. Holder*, 80 F. Supp. 3d 103, 110, 117 (D.D.C. 2015) (discussing Rehabilitation Act exhaustion).

3

**III.     ANALYSIS**

The Court finds that the facts of this case present a "straightforward" application of Local Rule 7(b). *See, e.g.*, *Fox*, 389 F.3d at 1294; *Voacolo v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 39, 43 (D.D.C. 2016) ("The Court finds that the facts of this case present a 'straightforward' application of Local Rule 7(b) because [plaintiff] has not asked for additional time or filed any response to the motions to dismiss despite repeated warnings to do so."). On September 20, 2017, the FCC moved to dismiss Chan's complaint on the ground that he failed to exhaust his administrative remedies because he did not timely initiate contact with an EEO Counselor or file a formal complaint with the OWD before filing this action. Mot. at 5-8. Chan never responded to this Motion, despite two warnings from this Court to do so. *See* ECF Nos. 7-8. Thus, pursuant to Local Rule 7(b), the Court treats the FCC's Motion as conceded and grants it. *See, e.g.*, *Jackson*, 516 F. App'x 3; *Voacolo*, 224 F. Supp. 3d at 43; *Davenport v. United States*, No. 07-cv-56 (RJL), 2007 WL 2122394, at *1 (D.D.C. July 24, 2007) ("In light of the fact that plaintiff failed to file an opposition to defendants' motion to dismiss, even when the Court issued an Order requiring the plaintiff to do so or face the consequences of it being treated as conceded, . . . the Court will treat defendants' motion as conceded.").

Although the FCC requests that Chan's complaint be dismissed with prejudice, Mot. at 10, the Court declines to do so. The FCC has not argued why this case satisfies the "high" bar for dismissing a complaint with prejudice, *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006), and the Court treads lightly when issuing a "case-ending sanction," *Peterson v. Archstone Communities LLC*, 637 F.3d 416, 417 (D.C. Cir. 2011). *Cf. Cohen*, 819 F.3d at 484 (noting "dismissal of the complaint *without* prejudice would have been the proper route to accomplish Local Rule 7(b)'s docket-management objectives"); *Rudder v. Williams*, 666 F.3d 790, 794 (D.C.

Cir. 2012) ("Dismissal with prejudice is the exception, not the rule, in federal practice because it 'operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them.'" (alteration in original) (quoting *Belizan*, 434 F.3d at 583)). Thus, the Court will dismiss the complaint, and the case, without prejudice.

IV. **CONCLUSION**

For the reasons set forth above, the FCC's Motion to Dismiss (ECF No. 6) is **GRANTED AS CONCEDED**. Plaintiff's complaint (ECF No. 1), and the case, are **DISMISSED WITHOUT PREJUDICE**. A separate order will be issued accompanying this opinion.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 8, 2018